## MEEKER v. PHILLIPS PETROLEUM CO.
### No. 3369.

Court of Civil Appeals of Texas. El Paso.

May 7, 1936.

Fred C. Knollenberg, of El Paso, and J. B. Cotten and Fred H. Woodard, both of Crane, for plaintiff in error.

W. J. Loftus, Don Emery, R. K. Batten, and T. L. Dyer, all of Amarillo, for defendant in error.

PELPHREY, Chief Justice.

During the month of April, 1934, plaintiff in error was employed by the defendant in error and was living in a house owned by it. His wife, while attempting to open the door to the garage used in connection with the house, was injured, and he filed this suit seeking to recover for such injuries. He alleged:

"2. That on the dates hereinafter alleged, the defendant was engaged in the oil and refinery business in Crane County, Texas, producing, storing, refining and handling petroleum products, and as a part of said business maintained houses and garages for use and occupancy by its employees for a stipulated sum as rental.

"3. That heretofore on or about April 6, 1934, plaintiff and his wife were tenants of defendant, occupying a house and garage belonging to defendant, located at a camp of defendant, known as Phillips Camp, a distance of about two and one-half (2½) miles northeast of the town of Crane, Crane County, Texas; that on said date plaintiff and his wife occupied the house and garage, as tenants thereof, and that their occupancy of the said garage was a joint occupancy with one D. B. Duncan, a tenant of defendant, in that the door to the D. B. Duncan garage, when opened, closed the entrance to plaintiff's garage, and that plaintiff's garage door, when opened, closed the entrance to the said D. B. Duncan garage; that on said date, April 6, 1934, at about one-thirty (1:30) o'clock, P. M. the plaintiff's wife, in attempting to open the door of the garage so occupied by plaintiff and wife, with care and without any negligence on her part or on part of plaintiff, by reason of the defective condition of said garage door, so occupied, as is more fully hereinafter stated.

"4. That prior to April 6, 1934, plaintiff's wife discovered the said garage door in a bad condition or state of repair, said garage door being hard to open and in a generally defective condition; that the said condition of said door was reported to defendant by plaintiff's wife in that she called the same to the attention of Carl Fisher, who was an agent and employee of defendant, it being the duty of the defendant to repair and keep in repair or to cause the same to be done, the said garage and garage doors, and the said Carl Fisher, when so advised by plaintiff's wife, promised and agreed to have the same repaired, upon which promise plaintiff's wife relied.

"5. Plaintiff alleged that the garage door and the frame, track or base and rollers thereof were in a generally defective condition, it being difficult to move the said door on its rollers and base, on which it was necessary to move same to open and close; and that when pushed or rolled, on said date and occasion, the said garage door stopped suddenly, hung on its track and dropped down, throwing the weight of the said door on plaintiff's wife.

"6. That plaintiff's wife, after having notified the said Carl Fisher, as aforesaid, whose duty it was on behalf of the defendant and who promised to repair or see to it that the said doors on the said garage were repaired, relying on his promise so to do, and plaintiff's wife saw men working on said door during the latter part of March, 1934, and on or about April 6, 1934, she believed that the same had been repaired and was in a proper state of repair for normal use, and not knowing of the defective condition of the said garage and the doors thereto, went to the same for the purpose of opening the said doors thereto and while trying to open said doors and while standing facing the same, in an attempt to open the said doors, pushed or shoved the said doors to the left, when the same suddenly and unexpectedly stopped, hung and became bound about the track or base or other fastenings of the said door, wedged, stopped with a sudden jerk, and plaintiff's wife, while attempting to move the said doors, pushed same, moving it along its track on its rollers, the same moving only a short distance, whereupon it suddenly stopped, slipped and dropped down, causing sudden shock and sudden strain to the plaintiff's wife and at which time the greater part of the weight of said door was upon the arms, hands and shoulders, back and hips of plaintiff's wife, placing her in a sudden and unexpected strained position by

reason of the defective condition and the sudden stopping and the sudden dropping down of said door, as a proximate result of the defective condition of said garage and said door as aforesaid, the plaintiff's wife was seriously and severely injured, as hereinafter more fully set out."

"8. Plaintiff further alleges that defendant knew, or by the exercise of ordinary and reasonable diligence, it was its duty to know and by the exercise of ordinary diligence could have known of the defective condition of said garage door; that the defendant was guilty of negligence in its failure to repair and keep in proper state of repair, the said door of the said garage occupied by plaintiff, as a tenant, as aforesaid."

"10. Plaintiff further alleges that as a proximate result of the negligent failure of defendant to repair and keep in proper repair, the said garage and garage doors, prior to and at the time of the said injuries, and after having the defects called to its attention, as aforesaid, by plaintiff's wife by notifying the said Carl Fisher, as aforesaid, the said Carl Fisher then and there being an agent, servant or employee of defendant acting within the time and scope of his employment as such, whose duty it was to see that the said garage and garage doors were kept in a proper state of repair, the plaintiff's wife, by reason of his negligent failure to do so and by reason of said injuries above described, suffered by her as a proximate result of said negligence, as alleged, has suffered great physical and mental pain and anguish, all of which was proximately caused by the defective condition of said door and the defendant's negligent failure and neglect to repair and keep in repair the same, as was its duty to do, when said defective condition and negligence proximately caused his wife's injuries aforesaid, all to the great damage of the plaintiff in the sum of two thousand, seven hundred dollars ($2,700.00)."

Plaintiff in error pleaded a general denial and contributory negligence.

At the conclusion of the testimony of plaintiff in error, the court instructed a verdict in favor of defendant in error, and from a judgment based upon such instructed verdict this appeal has been prosecuted.

## Opinion.

Of plaintiff in error's eleven assignments of error, the first six attack the action of the trial court in directing a verdict, while the latter five complain of the exclusion of evidence. The first two propositions are germane to the first six assignments and assert the liability of defendant in error here by reason of its failure to keep the demised premises in repair, it being its duty to do so on account of part of them being reserved for the common use of plaintiff in error and another tenant, and for the further reason that defendant in error, having undertaken to make the repairs, is liable for having made them negligently.

■ Plaintiff in error's position that, where premises are reserved for the common use of two tenants, the duty rests upon the landlord to keep them in repair; is sound, but the landlord is under no obligation to one tenant to repair the portion of the premises demised to another tenant. 36 C.J. § 768, pp. 128, 129, 130.

The proof here shows that a garage was assigned to each house; that each garage was separate from the other and used solely by the tenant to whom it was assigned; and that Duncan did not use plaintiff in error's garage and plaintiff in error did not use Duncan's garage.

While it is true that, when Duncan opened his garage door, it rolled back across the entrance to plaintiff in error's garage, yet Duncan's garage door served no purpose in the use of the garage rented to plaintiff in error and was on the portion of the premises which had been admittedly rented to Duncan and over which defendant in error had not retained control; at least there is no evidence here of such fact.

■ The cases cited by plaintiff in error do not have application here. Moreover, there is no pleading here as to the improper state of repair of any property used in common; the allegation in plaintiff in error's petition being that his wife was injured "in attempting to open the door of the garage so occupied by plaintiff and wife."

■ Plaintiff in error's second proposition to the effect that, where the landlord undertakes to do repairs, even though he is not required to do so, and does same negligently, he is liable for such injuries as result by reason of the negligent manner in which the repairs are made, cannot be applied to the case at bar, there being no pleading showing either that defendant in error had attempted to make the repairs or had made them in a negligent manner. The mere allegation that plaintiff in error's

wife had seen men working on the door would not be sufficient to charge defendant in error with having undertaken the repairs in the absence of an allegation that they were employed by defendant in error.

The bills of exception taken to the exclusion of the evidence as to the duty of defendant in error's superintendent and the custom of appellee to keep the houses and garages in repair, not showing what the answers of the witnesses would have been, will not be reviewed. 3 Tex.Jur. § 331, pp. 470, 471.

The judgment of the trial court is affirmed.